IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JAMES HENRY EDWARDS** | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. **PJM 16-2919** |
| | * | Criminal No. **PJM 05-179** |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

James Edwards, *pro se*, has filed a Memorandum of Law in Support of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court will treat this Memorandum of Law as a renewed Motion under § 2255. But, for the reasons set forth below, the Court **DENIES** said Motion **WITH PREJUDICE**.

**I. FACTS**

On April 6, 2006, pursuant to a Plea Agreement, Edwards pled guilty to one count of Conspiracy to Possess With Intent to Distribute Five Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 846. The base offense level for a violation of 21 U.S.C. § 846 under the United States Sentencing Commission Guidelines (U.S.S.G.) then in effect was a 32. U.S.S.G. § 2D1.1(c)(4). However, because Edwards had at least two prior felony convictions of a controlled substance offense, he was a "career offender" pursuant to U.S.S.G. § 4B1.1, and his offense level was 37. Edwards received a two-level reduction for acceptance of responsibility. Accordingly, his total adjusted offense level was 35. Edwards's criminal history category was VI not only because he was assigned

fourteen criminal history points, but also because he was a career offender pursuant to § 4B1.1. On June 21, 2006, Edwards was sentenced to 292 months imprisonment, within the guideline range for an offense level of 35 and criminal history category of VI, which, in 2006, was 292 to 365 months.

No direct appeal was taken. However, on February 28, 2007, Edwards filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing, among other things, that no appeal had been taken because his counsel did not act at his request to file the appeal. The Court felt that the easiest solution would be to permit Edwards to pursue his direct appeal and therefore denied his § 2255 Motion without prejudice. Accordingly, the Court vacated its original June 21, 2006 judgment and re-entered it, effective May 30, 2007, to allow a new period of appeal to run. The May 30, 2007 Memorandum Opinion and Order directed the Clerk to mail copies of same to Edwards, who was serving his sentence for the underlying offense. On January 31, 2008, however, Edwards wrote the Court inquiring about the status of the case, asserting that, while he had received notice of the May 30, 2007 Order, he had not received a copy either of it or the accompanying Memorandum Opinion. Therefore, Edwards indicated that he had missed the new window in which to note a direct appeal. In a Memorandum Opinion and Order on October 31, 2008, the Court entered yet another date on the Order of Judgment and Commitment in order to provide Edwards with yet another window in which to take a direct appeal. ECF Nos. 589-90.

On November 1, 2008, Edwards filed a Notice of Appeal, ECF No. 591, and, on June 23, 2009, the Fourth Circuit affirmed this Court's judgment. ECF No. 645. The Fourth Circuit held that, on direct appeal, it could not rule with respect to any ineffective assistance of counsel claim. Accordingly, the issue of ineffective assistance remained open.

By statute, Edwards had one year, i.e. until June 23, 2010, to file a motion with this Court under § 2255. 28 U.S.C. § 2255(f)(1). He did not in fact do so. It was not until September 17, 2010, that he filed a Memorandum of Law in Support of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 681. Edwards apparently believed that his original § 2255 motion was still in effect, despite the fact that it had been denied without prejudice more than three years earlier. Be that as it may. There is no need to dispose of Edwards's case on technical procedural grounds.

The Court will treat his Memorandum of Law in Support of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 681, as a timely filed Motion under § 2255, but for the reasons that follow, it will deny the Motion on the merits.

## II. ANALYSIS

Edwards's Memorandum, treated as a subsequent § 2255 Motion, presents two questions: (1) Was his counsel ineffective for failing to seek vacatur of the state controlled substance offense convictions, which caused him to qualify as a career offender? and (2) Was Edwards contractually entitled to an offense level of 32 based upon promises made to him in the Plea Agreement?

**A. Ineffective Assistance of Counsel**

Edwards asserts that he was not represented by counsel in two state controlled substance offense convictions (Maryland cases CT891221A and CT891200X) that were used to determine his status as a career offender pursuant to U.S.S.G. § 4B1.1. According to Edwards, if his attorney in the instant case had sought vacatur of those convictions, he would not have been labeled a career offender and his offense level would have totaled 30 (a base offense level of 32 with a two-level reduction for acceptance of responsibility), rather than 35 (the career offender

level of 37 with a two-level reduction for acceptance of responsibility). Accordingly, Edwards argues that, but for the ineffective assistance of his counsel, his sentence would have been shorter.

Edwards is correct that if he were not a career offender, the sentencing guideline range would have been different.[1] However, as the Court now explains, Edwards's state convictions would not have been vacated. As a result, he was correctly labeled a career offender, and his offense level of 35 was proper.

First, it is clear Edwards was represented by counsel in both state convictions. His Presentence Report in the present case states that he was "[r]epresented by legal counsel" in both case CT891221A and case CT891220X, and the Court has independently verified with the Circuit Court for Prince George's County, Maryland that Edwards had legal counsel in both of those cases.[2]

Second, even if one of these prior controlled substance offenses had been vacated, Edwards had previously been convicted of a third controlled substance offense, i.e. in 1993, he was convicted in the U.S. District Court for the District of Maryland of "Conspiracy to Distribute PCP." *United States v. Edwards*, Case No. 93-cr-269-WDQ. Pursuant to § 4B1.1, a controlled substance offense includes conspiring to commit such offenses. That would still give Edwards the two predicate drug offenses justifying his classification as a career offender.

This dispenses of Edwards's first § 2255 issue.

---

[1] In 2006, an offense level of 30 with a criminal history category of VI indicated a guideline range of 168 to 210 months. An offense level of 35 with a criminal history category of VI – as was applied to Edwards – resulted in a guideline range of 292 to 365 months.

[2] The fact that Edwards was represented by counsel in the state proceeding would obviously undercut any basis for the grant of vacatur.

4

**B. Entitlement to Offense Level 32 Based Upon the Plea Agreement**

Edwards submits that his Plea Agreement contained a stipulation that his base offense level would be a 32, and that the Government breached the Agreement when he was sentenced as a career offender. Specifically, Edwards points to Paragraph 6 of the Agreement, which states, in pertinent part, "The base offense level is 32 pursuant to §2D1.1(c)(4) because the Defendant conspired to distribute between 5 and 15 kilograms of cocaine powder." According to Edwards, because the prosecutors breached the Plea Agreement, resentencing is required.

This issue is procedurally defaulted inasmuch as it could have been raised on direct appeal and was not. *See United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir.1999) (*citing United States v. Frady*, 456 U.S. 152, 167–68 (1982)). But the Court need not hang its hat on that peg.

On the merits, Edwards's argument fails for several reasons. First, he ignores Paragraphs 8 and 9 of the Agreement, which clearly state that the Court could use Edwards's prior convictions to determine whether he was a career offender. Paragraph 8 states that, while the prosecutors would not "rely on the Defendant's prior felony drug convictions to enhance the mandatory minimum sentence to which the Defendant is subject," it does not "prevent the Court from **relying on the Defendant's prior convictions** to calculate the Defendant's criminal history under the sentencing guidelines or **in determining whether he is a career offender** or an armed career criminal." (emphasis added). Similarly, Paragraph 9 adds that "The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his **criminal history could alter his offense level if he is a career offender**. . . . The parties explicitly understand that, if the defendant qualifies as a career offender, his guideline range may be up to and including life imprisonment." (emphasis added).

Second, Edwards was advised several times of the potential that he could qualify as a career offender and the effect that that could have on his sentence. Assistant U.S. Attorney David Salem met with him in a proffer session and reiterated the meaning of paragraphs 8 and 9, explaining that the Government was not in a position to agree to Edwards's criminal history category or career offender status. Additionally, at Edwards's Guilty Plea hearing on April 6, 2006, the Court asked Edwards whether he had read the Agreement and had signed it voluntarily. When he answered in the affirmative, the Court then asked AUSA Salem to recite the important provisions of the Agreement, wherein he proceeded to explain that "under paragraph nine . . . there is no agreement as to criminal history or criminal history category. That will be determined with the help of the Probation Office." See Transcript of Guilty Plea, ECF No. 613.

Third, the statutory maximum penalty for Conspiracy to Possess With Intent to Distribute Five Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 846 was, at all relevant times, life imprisonment. 21 U.S.C. § 841(b)(1)(A). This fact was detailed in Paragraph 3 of the Plea Agreement and yet again at Edward's Guilty Plea hearing, as was the possibility that the Court could sentence Edwards above the range of the sentencing guidelines. Accordingly, notwithstanding the mention of an offense level of 32 in one part of the Plea Agreement, another term in the Agreement expressly put Edwards on notice that the Court could have sentenced him to any term up to life imprisonment.

There is no basis to alter the finding that Edwards's proper offense level was 35.

### III. CONCLUSION

For the foregoing reasons, Edwards's Memorandum of Law in Support of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 681) is treated as

a renewed Motion under § 2255, and said Motion is **DENIED WITH PREJUDICE**, as set forth in the accompanying Order.

/s/<br>**PETER J. MESSITTE**<br>**UNITED STATES DISTRICT JUDGE**

**September 30, 2016**